UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DOUGLAS STUART QUEEN,

    Plaintiff,

v.

CITY OF KANSAS CITY, KANSAS, et al,

    Defendants.

Case No. 25-cv-2459-EFM-TJJ

### ORDER

This matter come before the Court on Plaintiff's Motion for Service by United States Marshals Service (ECF No. 8) and Plaintiff's Motion to Amend Complaint (ECF No. 10). For the reasons set forth below, Plaintiff's Motions are DENIED.

1.    Plaintiff's Motion for Service by United States Marshals Service (ECF No. 8) is **<u>denied without prejudice</u>**. Plaintiff requests the Court direct the Clerk of Court to issue summonses for all Defendants in this action and "[o]rder the United States Marshals Service to serve each Defendant with a copy of the Amended Complaint, summons, and any other necessary documents."[1] On August 13, 2025, Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).[2] The Court determined that a pre-service review was appropriate as the Complaint appears to fail to state a claim, and withheld service until its review was completed.[3]

---

[1] Pl.'s Mot. for Service, ECF No. 8, p. 1.

[2] *See* Order, ECF No. 7.

[3] *See id.*

Although Plaintiff is granted leave to proceed without prepayment of the filing fee, service of process may be withheld pending review under 28 U.S.C. § 1915(e)(2)(B). Pursuant to that statute the Court will review to determine whether the case should proceed or be dismissed before service of the summons and complaint. 28 U.S.C. § 1915(e)(2) requires the "court shall dismiss the case *at any time*"—including before service of the summons and complaint—if it determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The Tenth Circuit has found that courts may dismiss an action without service of process if it finds dismissal is appropriate as part of the screening under § 1915(e).[4] And dismissals "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering."[5] Therefore, the Court denies Plaintiff's motion requesting service of the summons prior to the undersigned's review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

**Further, the filing of multiple amendments or supplements to the Complaint, submission of documents for the Court's consideration, and bringing premature motions related to discovery, service of process, and/or default judgment significantly and unduly burdens the Court and delays the preliminary review and screening process. To facilitate and expedite the Court's screening of the Complaint under 28 U.S.C. § 1915(e)(2)(B), Plaintiff shall refrain from filing such documents in this case until after the Court completes the screening process and/or enters further order.**

---

[4] *See Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005).

[5] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

2. Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 10) is **denied**. Plaintiff has filed this motion, and an identical proposed amended complaint in four different cases pending in this District: *Queen v. Kansas City Police Department, et al.*, 25-2292-JAR-TJJ; *Queen v. Canale, et al.*, 25-2298-JAR-TJJ; and *Queen v. City of Kansas City, Kansas, et al.*, 25-2459-EFM-TJJ. Because Plaintiff has filed the motion to amend, proposing the same Amended Complaint be filed in each case, Plaintiff is clearly attempting to consolidate the above-listed matters into one action. The Court will thus construe Plaintiff's Motion for Leave to Amend as a motion to consolidate and therefore will deny the motion.

Federal Rule of Procedure 42(a) provides: "If actions before the court involve common questions of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The Court has "substantial discretion in deciding whether and to what extent to consolidate cases."[6] "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause."[7] In exercising its discretion, the Court should also consider: "(1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate."[8]

---

[6] *Hall v. Hall*, 584 U.S. 59, 77 (2018).

[7] *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008).

[8] *Vickers v. Green Tree Servicing, LLC*, No. 15-1252-JTM-GEB, 2015 WL 7776880, at *2 (D. Kan. Dec. 2, 2015) (quoting *Sprint Commc'ns, LP v. Cox Commc'ns, Inc.*, No. 11-2683-JAR-KMH, 2021 WL 1825222, at *1 (D. Kan. May 18, 2012)).

The District Judge in this matter has already found that consolidating cases *Queen v. Kansas City Police Department, et al.*, 25-2292-JAR-TJJ and *Queen v. Canale, et al.*, 25-2298-JAR-TJJ is inappropriate.[9]  The Court found that although both "cases arise out of an alleged false arrest on May 15, 2025, they involve different Defendants, facts, and legal issues."[10]  In this case, he also brings claims regarding his false arrest against the various parties named in *Queen v. Kansas City Police Department, et al.*, 25-2292-JAR-TJJ and *Queen v. Canale, et al.*, 25-2298-JAR-TJJ.  However, Plaintiff's claims here are predicated on an entirely different factual background.  Therefore, the Court does not find that consolidation—by allowing Plaintiff to file the exact same amended complaint in each of the above-listed cases—would be in the interest of judicial economy, convenience, or would save costs at this state of litigation.  Plaintiff's Motion for Leave to File Amended Complaint, construed as a motion to consolidate, is therefore DENIED.

**IT IS THEREFORE ORDERED** Plaintiff's Motion for Service (ECF No. 8) and Plaintiff's Motion to Amend Complaint (ECF No. 10) are DENIED.

**IT IS SO ORDERED.**

Dated August 21, 2025, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge

---

[9] ECF No. 28. *Queen v. Canale, et al.*, No. 25-2298-JAR-TJJ, 2025 WL 1918568, at *2 (D. Kan. July 11, 2025).

[10] *Id.*