UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DOUGLAS STUART QUEEN,

    Plaintiff,

v.

CITY OF KANSAS CITY, KANSAS, et al,

    Defendants.

Case No. 25-cv-2459-EFM-TJJ

## ORDER

This matter come before the Court on Plaintiff's Motion to Amend Complaint (ECF No. 15) and Plaintiff's Motion for Appointment of Counsel (ECF No. 16). For the reasons set forth below, Plaintiff's Motions are DENIED.

1.     **Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 15)** is **denied**. Plaintiff has again filed this motion, and an identical proposed amended complaint in multiple pending cases in this District: *Queen v. Kansas City Police Department, et al.*, 25-2292-JAR-TJJ; *Queen v. Canale, et al.*, 25-2298-JAR-TJJ; and *Queen v. City of Kansas City, Kansas, et al.*, 25-2459-EFM-TJJ. Because Plaintiff has filed the motion to amend, proposing the same Amended Complaint be filed in each case, Plaintiff is clearly attempting to consolidate the above-listed matters into one action.[1] For the reasons set forth in the Court's August 22, 2025 Order, consolidation of these matters is not appropriate and Plaintiff's motion is denied.

2.     **Plaintiff's Motion for Appointment of Counsel (ECF No. 16) is denied**

---

[1] Although Plaintiff seeks to file the same proposed one-page Amended Complaint in each of his four cases, it does not identify all the defendants or contain any factual allegations, but merely "incorporates [Plaintiff's] prior allegations" from the complaints filed in each of his cases.

**without prejudice.** Unlike a criminal defendant, a plaintiff in a *civil* case has no constitutional or statutory right to appointed counsel.[2] For a party proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel." The provision, however, does not provide a statutory right to counsel.[3] In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[4] Further, the party requesting the appointment of counsel must make diligent efforts to secure an attorney on his or her own.[5] This District's form motion for appointment of counsel in a civil case requires the movant to list at least five attorneys contacted before filing the motion.

The appointment of counsel for a plaintiff in a civil case is rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[6] Therefore, the Court would have to find an attorney willing to be appointed and provide his or her legal

---

[2] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[3] *See, e.g., Leon v. Garmin Int'l.,* No. 10-2495-JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010).

[4] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[5] *Cline v. Seal*, No. 22-CV-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

[6] *See Castner*, 979 F2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

services pro bono (without payment). The Court therefore must make thoughtful and prudent use of its appointment power.

The Court has considered Plaintiff's motion for appointment of counsel under the above factors and concludes the factors do not warrant the appointment of counsel at this time. Plaintiff has failed to show diligence in attempting to find counsel by contacting with five attorneys or law firms (or organizations that provide legal services pro bono or for reduced fees) before filing his motion. Finally, a review of Plaintiff's filings to date shows that he appears capable of adequately representing himself without counsel at this early stage of the proceedings.

**IT IS THEREFORE ORDERED** Plaintiff's Motion to Amend Complaint (ECF No. 15) and Plaintiff's Motion for Appointment of Counsel (ECF No. 16) are DENIED.

**IT IS SO ORDERED.**

Dated August 26, 2025, at Kansas City, Kansas.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge