## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DOUGLAS QUEEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF KANSAS CITY, KANSAS, ) <br> KANSAS CITY, KANSAS POLICE ) <br> DEPARTMENT, KANSAS CITY, KANSAS ) <br> FIRE/EMS RESCUE, KANSAS UNIVERSITY ) <br> HOSPITAL, MISSION STUDIOS ) <br> APARTMENTS, NATALIE CANALE, ) <br> SHAWNEE MISSION HOSPITAL, and ) <br> OSAWATOMIE STATE HOSPITAL, ) <br> ) <br> Defendants. ) <br> ) | Case No. 5:25-cv-02459-EFM-TJJ |

### REPORT AND RECOMMENDATION
### FOR DISMISSAL OF PLAINTIFF'S COMPLAINT

### NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), plaintiff may file a written objection to this report and recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

### REPORT AND RECOMMENDATION

Douglas S. Queen, proceeding *pro se*, filed this action against the City of Kansas City, Kansas; Kansas City, Kansas Police Department ("KCKPD"); Kansas City, Kansas Fire/EMS Rescue; Kansas University Hospital; Mission Studios Apartments; Natalie Canale; Shawnee

Mission Hospital; and Osawatomie State Hospital (collectively "Defendants"). Plaintiff brings his claims under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and Kansas State Law.

## I.   Relevant Background

Plaintiff's Complaint (ECF No. 1) raises claims under 42 U.S.C. § 1983 for alleged violations of his First (Count I), Fourth (Count II), and Fourteenth Amendment (Count III) rights. Plaintiff also raises a claim under the ADA (Count IV) and the Rehabilitation Act (Count V), alleging Defendants discriminated against him on the basis of his disability. Plaintiff also brings claims under Kansas State Law (Count VI). Plaintiff's claims all arise from an incident that occurred at his apartment complex. Plaintiff claims he constructed a "rain fly over his front porch to prevent severe water intrusion caused by improper slope of concrete walkway toward his doorway, which results in pooling of several inches of water during rainstorms." A representative of Mission Studios Apartments then allegedly entered Plaintiff's apartment without notice while he was absent and destroyed the rain fly, citing code violations. Plaintiff alleges Defendants then engaged in retaliatory actions, including a false arrest for theft and property damage. Plaintiff seeks compensatory damages in the amount of $5 million, punitive damages, and declaratory relief.

After careful review of Plaintiff's Complaint, the undersigned Magistrate Judge concludes none of Plaintiff's purported claims are sufficient to state a claim upon which relief may be granted.

## II.   Applicable Legal Standards

When a party seeks to proceed without the prepayment of fees, 28 U.S.C. § 1915 requires the court to screen the party's in forma pauperis ("IFP") complaint. The court must dismiss the

complaint if it determines that the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from suit.[1] The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[2]

This Court reviews the sufficiency of Plaintiff's Complaint under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[3] Plaintiff "must allege sufficient facts to state a claim which is plausible—more than merely conceivable—on its face."[4] Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must provide a "short and plain statement of the claims showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief beyond the speculative level."[5] Plaintiff proceeds *pro se*, thus his pleadings must be construed liberally.[6] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based,"[7] and the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[8]

---

[1] 28 U.S.C. § 1915(e)(2)(B).
[2] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[3] *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007).
[4] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[5] *Bell Atl. Corp.*, 550 U.S. at 545.
[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[7] *Id.*
[8] *Mays v. Wyandotte Cnty. Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

"Apart from the court's obligation to screen IFP complaints for merit, the court has an independent obligation to determine if subject-matter jurisdiction exists."[9] "[F]ederal courts are courts of limited subject-matter jurisdiction" and "may only hear cases when empowered to do so by the Constitution and by act of Congress."[10] Within the meaning of § 1915(e), a complaint is frivolous "if its subject matter is outside the jurisdiction of the court."[11]

## III. Screening of Plaintiff's Complaint

### A. Plaintiff's 42 U.S.C. § 1983 Claims (Counts I, II, and III)

#### i. Plaintiff's 42 U.S.C. § 1983 Claims Against Defendant Mission Studios Apartments

The only precise factual allegations contained in Plaintiff's Complaint concern Defendant Mission Studios Apartment, and its representative's entry into Plaintiff's apartment and destruction of his rain fly. Plaintiff asserts § 1983 claims against Defendant Mission Studios stemming from this incident, and what he perceives as subsequent retaliatory acts. To state a claim under § 1983, a plaintiff "must allege that a person has deprived them of a federal right, constitutional or statutory, and that the person acted under of color of state law in doing so."[12] State action is therefore a prerequisite to maintaining an action under 42 U.S.C. § 1983.[13] To establish the requisite state action, Plaintiff must show Defendant Mission Studios Apartment's

---

[9] *Martinez v. Pickering*, No. 21-4083-JAR-ADM, 2021 WL 12146947, at *2 (D. Kan. Dec. 8, 2021), *report and recommendation adopted*, No. 21-4083-JAR-ADM, 2022 WL 21778539 (D. Kan. Feb. 28, 2022) (citing *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015)).
[10] *Gad*, 787 F.3d at 1035.
[11] *Oltremari by McDaniel v. Kan. Social & Rehabilitative Serv.*, 871 F. Supp. 1331, 1333 (D. Kan. 1994).
[12] *Hall v. Witteman*, 569 F. Supp. 2d 1208, 1217 (D. Kan. Aug. 6, 2008) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)).
[13] *Cullen v. K-Mart, et al.*, No. 07-3206-SAC, 2008 WL 107978, at *1 (D. Kan. Jan. 8, 2008) ("To state a claim under 42 U.S.C. § 1983, plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

actions are "fairly attributable to the state."[14] The Tenth Circuit applies four different tests to determine whether a private entity is subject to liability as a state actor: the nexus test, the symbiotic relationship test, the joint action test, and the public function test.[15]

> The nexus test requires a sufficiently close nexus between the government and the challenged conduct and, in most cases, renders a state liable for a private individual's conduct only when the State has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State. The symbiotic relationship test asks whether the state has so far insinuated itself into a position of interdependence with a private party that it must be recognized as a joint participant in the challenged activity. The joint action test requires courts to examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights. Finally, the public function test asks whether the challenged action is a function traditionally exclusively reserved to the State. No matter the test applied, the conduct allegedly causing the deprivation of a federal right must be fairly attributable to the State.[16]

Here, regardless which test is applied, Plaintiff fails to allege facts sufficient to show the conduct of Defendant Mission Studios Apartments is "fairly attributable to the state." Plaintiff pleads no facts to show what, if any, relationship Defendant Mission Studios Apartments has with the state, and does not describe the use of any governmental power by Defendant Mission Studios Apartments.[17] The undersigned therefore recommends Counts I, II, and III, as they pertain to Defendant Mission Studios Apartments, be dismissed pursuant to 28 U.S.C. § 1915(e)(ii)(B)(ii) for failure to state a claim.

> ii. **Plaintiff's 42 U.S.C. § 1983 Claims Against Defendants City of Kansas City, Kansas; Kansas City, Kansas Police Department; Kansas City, Kansas Fire/EMS, Kansas University Hospital, Natalie Canale, Shawnee Mission Hospital, and Osawatomie State Hospital**

---

[14] *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982).
[15] *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995).
[16] *Shophar v. City of Olathe*, No. 15-CV-4961-DDC-KGS, 2017 WL 2618494, at *5 (D. Kan. June 16, 2017), *aff'd*, 723 F. App'x 579 (10th Cir. 2018).
[17] *See Hall v. Witteman*, 584 F.3d 859, 865 (10th Cir. 2009).

Plaintiff also brings his § 1983 claims against all other Defendants.  Plaintiff also fails to state a claim against these Defendants.  Plaintiff only mentions these Defendants once in the Complaint, stating "[m]ultiple agencies, including the Kansas City Kansas Police Department, Kansas City Kansas Fire/EMS, Kansas University Hospital, Shawnee Mission Hospital, and Osawatomie State Hospital, participated in or facilitated violations of Plaintiff's rights," and fails to mention Defendant Natalie Canale entirely.

The Tenth Circuit has made clear "to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated."[18]  Plaintiff's Complaint fails to make such allegations against the above-listed Defendants.  Mere conclusory statements that such actors violated his rights are insufficient to state a claim under arising under § 1983, even under the most liberal pleading standards given to *pro se* plaintiffs.[19]  The undersigned therefore recommends Counts I, II, and III, as they pertain to Defendants City of Kansas City, Kansas; KCKPD; Kansas City, Kansas Fire/EMS; Kansas University Hospital; Natalie Canale; Shawnee Mission Hospital; and Osawatomie State Hospital be dismissed pursuant to 28 U.S.C. § 1915(e)(ii)(B)(ii) for failure to state a claim.

### B. Plaintiff's ADA and Rehabilitation Act Claims (Counts IV & V)

Plaintiff alleges disability discrimination under both the ADA and the Rehabilitation Act. The Rehabilitation Act prohibits programs receiving federal financial assistance from

---

[18] *Id.* at *1 (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)) (alterations in original).
[19] *Collins v. McClain*, No. 02-2177-JWL, 2002 WL 1377719, at *1 (D. Kan. June 11, 2002) (finding dismissal appropriate when a plaintiff "does not allege any conduct in the complaint that, even arguably, could amount to a violation of his rights under the Constitution or laws of the United States," but instead "lists the ways he feels aggrieved by individual" defendants)

discriminating solely on the basis of disability.[20]  "For purposes of stating a claim, '[c]ase law interpret the Rehabilitation Act and the ADA as interchangeable.'"[21]  Accordingly, the Court considers whether Plaintiff has stated a claim under the ADA or Rehabilitation Act together.

Plaintiff brings Count IV pursuant to 42 U.S.C. § 12132, Title II of the ADA, claiming that "Defendants, as public entities or those acting under color of state law, excluded Plaintiff from participation in, and denied him the benefits of [] services, programs, or activities, and otherwise discriminated against him by reason of his disability."  Similarly, Plaintiff brings Count V pursuant to 29 U.S.C. § 794, the Rehabilitation Act, claiming "Defendants receive federal financial assistance and discriminated against Plaintiff solely by reason of his disabilities."

Neither the ADA nor Rehabilitation Act imposes liability upon individuals in their individual capacity, therefore Plaintiff's ADA and Rehabilitation Act claims against Defendant Natalie Canale fail.[22]  Additionally, Title II of the ADA only prohibits "public entities" from discriminating against disabled individuals.[23]  A "public entity" is defined broadly to include "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State or States or local government."[24]  There is nothing in the Complaint to suggest that Defendants Shawnee Mission Hospital, or Mission Studios Apartments are public entities subject to Title II of the ADA.  Therefore, even if Plaintiff states a claim under Title II of

---

[20] *See* 29 U.S.C. § 794.
[21] *Sullivan v. Univ. of Kan. Hosp. Auth.*, No. 2:19-CV-2078-JAR-TJJ, 2019 WL 4034470 (D. Kan. Aug. 27, 2019), *aff'd*, 844 F. App'x 43 (10th Cir. 2021) (quoting *Faroh v. Sedgwick Cty., Kan.*, No. 98-1138-JAR, 2002 WL 1627701, at *5 (D. Kan. July 12, 2002)).
[22] *See Wilson v. Hous. Auth. of Silver Lake, Kan.*, No. 19-0406-HLT-ADM, 2019 WL 2943054, at *2 (D. Kan. May 30, 2019); *Simmons v. Cline*, No. 20-3096-SAC, 2020 WL 4200833, at *1 (D. Kan. July 22, 2020).
[23] *See* 42 U.S.C. § 12131(1).
[24] *Id.*

the ADA, he could only proceed against Defendants Kansas University Hospital, City of Kansas City, Kansas; KCKPD; Kansas City, Kansas Fire/EMS; and Osawatomie State Hospital.[25]

However, although Plaintiff makes the blanket claim all Defendants receive federal funds, "the simple fact that an entity receives federal financial assistance does not make the Rehabilitation Act applicable to every operation in which the entity is involved."[26] Plaintiff must instead show the federal funds "have some nexus to the program or activity" in which he claims he was deprived based on his disability.[27] Plaintiff fails to make this showing. Therefore, in addition to the reasons stated below, Plaintiff fails to state a claim against any Defendants under the Rehabilitation Act.

To state a claim under Title II of the ADA, Plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was "excluded from participation in or denied the benefits of services, programs, or activities"; and (3) "such exclusion, denial of benefits, or discrimination was by reason of his disability."[28] Plaintiff has failed to meet his burden in this instance.

First, to be a "qualified individual with a disability" under the ADA, Plaintiff must have "a physical or mental impairment that substantially limits one or more major life activities of such individual," a record of such an impairment, or are regarded as having such an impairment.[29] The Complaint wholly fails to identify any physical or mental impairment of Plaintiff or any major life activity limited by his condition. Plaintiff merely states he "is an individual with disabilities and

---

[25] *See White v. Stormont Vail Hosp.*, No. 23-4054-JAR-RES, 2023 WL 8378841, at *6 (D. Kan. Oct. 2, 2023), *report and recommendation adopted*, No. 23-4054-JAR-RES, 2023 WL 7536097 (D. Kan. Nov. 14, 2023).
[26] *Eivins v. Adventist Health Sys./E. & Middle Am., Inc.*, 651 F. Supp. 340, 343 (D. Kan. 1987).
[27] *Id.* ("federal funds that are received by the particular hospitals and that benefit the defendant in its general operations do not provide enough of a nexus to require all of defendant's operations be regulated by Section 504").
[28] *Estate of Beauford v. Mesa Cnty, Colo.*, 35 F.4th 1248, 1276 (10th Cir. 2022) (quoting 42 U.S.C. § 12132).
[29] 42 U.S.C. § 12102(1).

a qualified individual under the ADA." Such conclusory pleadings are not enough to show Plaintiff is disabled as defined by Congress under the ADA.[30]

Next, Plaintiff fails to show he was excluded from participation or denied any benefits of services, programs, or activities. Plaintiff must at least show that a "specific service, program, or activity was requested by, but denied to" Plaintiff.[31] He has failed to do so.

Finally, Plaintiff makes no allegations that any of Defendants' actions were taken on the basis of his disability. "A plaintiff claiming a violation of Title II of the ADA must show that he was discriminated against 'solely by reason of disability.'"[32] Plaintiff only states Defendants had knowledge of his disability, and instead of accommodating such disability, Defendants "targeted Plaintiff for asserting his rights." However, Plaintiff's main factual contention in his Complaint is that Defendants' conduct arose from his construction of a rain fly—*not* solely because of his disability.[33] Plaintiff's Complaint wholly fails to allege that any alleged deprivation or denial he faced was because of his disability, whatever that disability may be. For all of the reasons stated above the undersigned therefore recommends Counts IV and V be dismissed pursuant to 28 U.S.C. § 1915(e)(ii)(B)(ii) for failure to state a claim.

### C. Plaintiff's State Law Claims (Count VI)

---

[30] *See Harmon v. Sprint United Mgmt. Corp.*, 264 F. Supp. 2d 964, 968–69 (D. Kan. 2003) (setting out factors to show disability under the definition of the ADA); *Cunningham v. Wichita St. Univ.*, No. 6:14-CV-01050-JTM, 2014 WL 4542411, at *3 (D. Kan. Sept. 12, 2014), *aff'd*, 613 F. App'x 758 (10th Cir. 2015) (discussing plaintiff's failure to allege any limitations on his life caused by his disability).
[31] *Estate of Beauford*, 35 F.4th at 1276.
[32] *See Farris v. Garden City, Kan.*, No. CIV.A. 15-1078-MLB, 2015 WL 3949244, at *2 (D. Kan. June 29, 2015), *aff'd*, 634 F. App'x 674 (10th Cir. 2016) (quoting *Doe v. Bd. of County Com'rs of Payne Cnty, Okla.*, 2015 WL 350019, at *2 (10th Cir. June 4, 2015)) (internal quotation marks omitted).
[33] *See* Pl.'s Compl., ECF No. 1, ¶¶ 7–8 ("Without notice, apartment management entered Plaintiff's leased premises while he was absent and destroyed the rain fly, claiming code violations. Shortly thereafter, Defendants engaged in retaliatory conduct, including false arrest for theft and property damage, based on fabricated allegations.").

Plaintiff's remaining theories of recovery against Defendants are based on Kansas state law. They include trespass, conversion, negligence, and intentional infliction of emotional distress. The undersigned recommends that this Court decline to exercise jurisdiction over such claims.

When the Court has original jurisdiction, 28 U.S.C. § 1367 authorizes supplemental jurisdiction over state law claims. Supplemental jurisdiction "is exercised on a discretionary basis, keeping in mind considerations of judicial economy, convenience and fairness to the litigants."[34] But "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."[35] Indeed, courts routinely decline to exercise supplemental jurisdiction over state-law claims when federal claims do not survive screening, as is the case here.

Accordingly, finding no federal claims survive screening, the undersigned Magistrate Judge recommends that the District Judge decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and dismiss them without prejudice.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the District Judge dismiss without prejudice all of Plaintiff's claims against all Defendants, as set forth in the Complaint, under 28 U.S.C. § 1915(e)(2)(B)(ii) because they fail to state claims upon which relief may be granted; and

---

[34] *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997).
[35] *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998); *see also Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1138–39 (10th Cir. 2004) (explaining that the district court has discretion to decline to exercise supplemental jurisdiction over state law claims when it has dismissed all claims over which it had original jurisdiction); *See also* 28 U.S.C. § 1367(c)(3) (stating that district courts may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction").

(2) decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss them without prejudice.

**IT IS SO ORDERED.**

Dated September 22, 2025, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge