UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DOUGLAS STUART QUEEN,

    Plaintiff,

v.

CITY OF KANSAS CITY, KANSAS, et al,

    Defendants.

Case No. 25-cv-2459-EFM-TJJ

## ORDER

This matter come before the Court on Plaintiff's Motion for Reasonable Accommodation Under the Americans with Disabilities Act (ECF No. 22), Plaintiff's Motion to Consolidate Consideration of Rule 72(a) Objections and Motions to Stay (ECF No. 29), Plaintiff's Motion to Stay Deadlines Pending Resolution of Rule 72(a) Objections (ECF No. 31), and Plaintiff's Renewed Motion for Appointment of Counsel (ECF No. 35).

1. **Plaintiff's Motion for Reasonable Accommodation Under the Americans with Disabilities Act (ECF No. 22) and Plaintiff's Renewed Motion for Appointment of Counsel (ECF No. 35)**

Plaintiff's Motion for Reasonable Accommodation Under the Americans with Disabilities Act (ECF No. 22), and Plaintiff's Renewed Motion for Appointment of Counsel (ECF No. 35) both request the Court appoint counsel to Plaintiff in this case. The Court again reminds Plaintiff that in his civil case, he has no constitutional or statutory right to appointed counsel.[1] The appointment of counsel for a plaintiff in a civil case is exceedingly rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[2] Therefore,

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[2] *See Castner*, 979 F2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing

the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment). The Court therefore must make thoughtful and prudent use of its appointment power.

Plaintiff's requests are his fourth and fifth request for the appointment of counsel during the short life of this case.[3]  The Court has warned Plaintiff that if he continues to file "essentially the same motion" for appointment of counsel it will "be summarily denied without further discussion."[4]  Therefore, and for the reasons set forth in the Court's previous orders[5] the Court denies Plaintiff's Renewed Motion for Appointment of Counsel (ECF No. 35), and Plaintiff's Motion for Reasonable Accommodation under the Americans with Disabilities Act (ECF No. 22) to the extent it seeks the appointment of counsel.

The Court notes that Plaintiff's Motion for Reasonable Accommodation under the Americans with Disabilities Act contains additional requests for accommodation besides the appointment of counsel.  The remaining requests for accommodation have been forwarded to the District of Kansas's Disability Access Coordinator.  Plaintiff is directed to the District of Kansas' website to review the Court's policy regarding disability access and services.

2. **Plaintiff's Motion to Stay Deadlines Pending Resolution of Rule 72(a) Objections (ECF No. 31) and Plaintiff's Motion to Consolidate Consideration of Rule 72(a) Objections and Motions to Stay (ECF No. 29).**

---

counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

[3] *See* ECF Nos. 6, 20, 21, 22, and 35.

[4] ECF No. 36.

[5] ECF No. 17, 25, 27, and 36.

On September 2, 2025, Plaintiff filed an objection to the undersigned's order denying appointment of counsel pursuant to Rule 72(a). Plaintiff's pending motions request the Court stay all deadlines pending the District Judge's ruling on the objection and consolidate all of his cases for the limited purpose of resolving the Rule 72(a) objection. On September 5, 2025, the District Judge entered an order overruling Plaintiff's objection.[6] Therefore, Plaintiff's requests to stay the case pending the resolution of the Rule 72(a) objection, and to consolidate his cases for purposes of resolving the Rule 72(a) objection are MOOT.

**IT IS THEREFORE ORDERED** that Plaintiff's Renewed Motion for Appointment of Counsel (ECF No. 35) and Plaintiff's Motion for Reasonable Accommodation Under the Americans with Disabilities Act (ECF No. 22) to the extent it seeks appointment of counsel are DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Deadlines Pending Resolution of Rule 72(a) Objections (ECF No. 31) and Plaintiff's Motion to Consolidate Consideration of Rule 72(a) Objections and Motions to Stay (ECF No. 29) are DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated September 22, 2025, at Kansas City, Kansas.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge

---

[6] ECF No. 36.