IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DOUGLAS QUEEN,

*Plaintiff,*

vs.

CITY OF KANSAS CITY, KANSAS, *et al.*,

*Defendants.*

Case No. 25-CV-2459-EFM-TJJ

**MEMORANDUM AND ORDER**

This matter comes before the Court on Magistrate Judge Teresa James' Report and Recommendation ("R&R") (Doc. 37) that this case be dismissed because the Complaint fails to state a claim and the Court should decline to exercise supplemental jurisdiction. Plaintiff Douglas Queen timely filed objections to the R&R (Docs. 39 and 39-1). For the reasons discussed below, the Court overrules Plaintiff's objections and adopts the recommendations of the Magistrate Judge.

**I.    Factual and Procedural Background**

Proceeding pro se, Plaintiff filed this suit against Defendants City of Kansas City, Kansas; Kansas City, Kansas Police Department; Kansas City, Kansas Fire/EMS Rescue; Kansas University Hospital; Mission Studios Apartments; Natalie Canale; Shawnee Mission Hospital; and Osawatomie State Hospital (collectively "Defendants"). His claims arise from an incident occurring at his apartment complex. Plaintiff alleges he constructed a "rain fly over his front porch to prevent severe water intrusion caused by improper slope of concrete walkway toward his

-2-

doorway, which results in pooling of several inches of water during rainstorms." Plaintiff further alleges that a representative of Mission Studios Apartments entered Plaintiff's apartment without notice while he was not there and destroyed the flyover. According to Plaintiff, Defendants engaged in retaliatory actions "including false arrest for theft and property damage."

Plaintiff's Complaint asserts claims under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and Kansas state law. This case is one of three cases Plaintiff recently filed in this District, the other two being *Queen v. Kansas City Police Department, et al.*, 25-2292-JAR-TJJ and *Queen v. Canale, et al.*, 25-2298-JAR-TJJ. Plaintiff has filed multiple motions seeking to amend his Complaint and consolidate his three cases into a single case, but the Court has denied each motion.

Because Plaintiff moved to proceed *in forma pauperis*, the Magistrate Judge reviewed his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). On September 22, 2025, Magistrate Judge James issued an R&R recommending that Plaintiff's federal claims be dismissed for failure to state a claim and that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff was granted 14 days in which to file written objections. On the same day the R&R was filed, Plaintiff filed written objections consisting of one document titled "Objection to Report and Recommendation" (Doc. 39) and an attachment to that document titled "Objection to Report and Recommendation & Consolidated Claim Chart" (Doc. 39-1).

## II.      Legal Standard

The Court reviews de novo any part of a magistrate judge's disposition to which parties properly object.[1] Objections must be timely and specific.[2] The court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[3]

## III.     Analysis

The R&R addresses Plaintiff's claims under 42 U.S.C. § 1983, the ADA, and the Rehabilitation Act and explains how the allegations are deficient as to each claim. It also recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff offers several objections to the R&R's findings, but as set forth below, none of these objections have any merit.

First, Plaintiff objects to the R&R as "fatally flawed, prejudicial and blind to the full conspiracy record this case was intended to capture." Plaintiff claims that this case was "designed as the complete start-to-finish narrative of the conspiracy carried out" by Defendants within a one-month period. Plaintiff further claims that his case "demonstrates the connection between private actors and state actors to retaliate, harass, destroy property, deny medical care, and suppress Plaintiff's constitutional rights." While this objection may explain Plaintiff's desired intent in

---

[1] Fed. R. Civ. P. 72(b)(3).

[2] *See* Fed. R. Civ. P. 72(b)(2) (stating that objections must be timely filed within 14 days of the magistrate judge's issuance of a recommendation); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (clarifying that sufficiently specific objections enable the Court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.").

[3] Fed. R. Civ. P. 72(b)(3).

drafting his Complaint, it does not address the deficiencies outlined in the R&R. Therefore, the Court overrules this objection.

Next, Plaintiff provides the Court with an explanation of his physical impairments. Plaintiff states that he suffers from severe spinal and neurological impairments requiring neck surgery. As a result of these conditions, he suffers from chronic pain, cognitive impairment, and concentration defects. Plaintiff argues that because of his disabilities he is not able to consolidate his filings as an attorney would.

Plaintiff appears to be objecting to the Magistrate Judge's refusal to consolidate his three civil cases. Review of that request, however, is not at issue here. What is at issue is whether the Magistrate Judge correctly determined that Plaintiff failed to allege sufficient facts to state a plausible § 1983, ADA, or Rehabilitation Act claim. Plaintiff's explanation of his physical and mental impairments is pertinent to his ADA claim. However, even if the Court considers this information, his claim still fails. To plead a claim for disability discrimination, Plaintiff must allege that (1) he is a "qualified individual with a disability;" (2) he was "excluded from participation in or denied the benefits of services, programs, or activities;" and (3) the "exclusion, denial of benefits, or discrimination was by reason of his disability."[4] Plaintiff's objection is entirely void of any factual allegations regarding the second and third elements of his claim. Therefore, the Court overrules his objection.

Third, Plaintiff objects to the R&R as legally unsound. He states that the R&R "ignores the mountain of evidence, including witness confirmation by Plaintiff's brother and written records."

---

[4] *Estate of Beauford v. Mesa Cnty., Colo*. 35 F.4th 1248, 1276 (10th Cir. 2022) (quoting *Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1194 (10th Cir. 2007)).

These objections are not specific and do not address the deficiencies in the Complaint noted by the R&R. Therefore, the Court overrules them.

Finally, in his "Objection to Report and Recommendation & Consolidated Claim Chart," Plaintiff references Fed. R. Civ. P. 15(a)(2), which governs amending a pleading. Plaintiff then states that the Court's denial of leave to amend would be prejudicial to him because of his disability. To the extent Plaintiff is requesting leave to amend his Complaint, the Court denies his request. Plaintiff has not identified any factual allegations sufficient to show that he states a plausible claim for relief.

In conclusion, the Court overrules Plaintiff's objections and adopts the R&R. Plaintiff's federal claims are dismissed for failure to state a claim upon which relief can be granted. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

**IT IS THEREFORE ORDERED** that the Court adopts the Report and Recommendation (Doc. 37). Plaintiff's claims are dismissed without prejudice.

**IT IS SO ORDERED**.

This case is closed.

Dated this 8th day of October, 2025.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE